No. 585

STONE v. EQUITABLE MTGE. CO., et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1253. Decided May 28, 1927.

727. LIS PENDENS. — An action for money only is not within the doctrine of lis pendens.

677. JUDGMENTS.—Liens—Foreclosure— The lien of a judgment in an action for money only, recovered in the Court of Common Pleas at the same term in which a decree foreclosing a mortgage is rendered, is divested by a judicial sale, in the foreclosure suit, of the property upon which said lien and mortgage exist, even though the action for money only was commenced prior to the foreclosure suit and the judgment creditor was not made a party thereto, both actions having been commenced prior to the term in which said money judgment and foreclosure decree were entered.

**First Publication of this Opinion**

FUNK, J.

Property owned by Harry Holub was encumbered by a first and second mortgage to the Akron Guaranteed Mortgage Co. and to the Standard Mortgage Co., respectively. On July 25, 1921, John Stone began his action for money only against Holub in the Summit Common Pleas. On Sept. 22, 1921, the Standard Mortgage Co. began its action against Holub to foreclose its second mortgage. On March 12, 1922, the Standard Co. obtained a decree of foreclosure of its mortgage and a judgment for the debt thereby secured.

On March 28, 1922, Stone obtained a judgment against Holub in his suit commenced in July, 1921, on which execution was issued, but was returned without levy on the premises in question. In August, 1922, the premises were sold in the foreclosure suit to a third person who executed a new first and second mortgage to the said two former mortgagees.

After several transfers of the property, the mortgages were foreclosed a second time and the property sold on January 29, 1926, when the Equitable Mtge. Co. purchased the premises. On January 19, 1926, Stone caused an alias execution to be issued on his judgment obtained in 1922, and caused same to be levied

upon the premises in question; and filed his petition in this case to marshal liens, claiming to have a first and best lien on Holub's interest in the property as against the present owner.

The defendant alleged that it is a bona fide purchaser for value, without notice and is subrogated to all the rights of the satisfied lien holders for the protection of its title, and that said premises were discharged from any purported lien arising from Stone's judgment and that Stone is barred from asserting any interest in said premises by reason of "laches in perfecting his lien." The Common Pleas found for defendant and plaintiff appeals from the decision. The Court of Appeals held:—

1. The question as to whether or not the plaintiff has an enforceable lien on said premises, depends upon whether or not an action for money only is within the doctrine of lis pendens.

2. It is settled in Ohio by virtue of 11300 GC., that all persons who purchase or otherwise acquire an interest in the subject of litigation after summons has been served, take with constructive notice of the pendency of such suit and will be bound by its results.

3. Under 11656 GC., (as in force at the time the actions referred to were commenced) when an action had been commenced before the first day of the term of court at which judgment was rendered, the lien of such judgment automatically attached as of the first day of said term to all real estate in said county, owned by the judgment debtor at that time and remained such lien for five years without execution being issued and levied thereon (11663 GC.) but lost its prefenence as to other judgment creditors,—but not as to purchasers or mortgagees—if execution was not issued within one year after rendition of judgment. (11708 GC).

4. Failure to levy on the premises within one year has no bearing in the instant case. The loss of preference as against judgment creditors would not relieve the plaintiff in the foreclosure suit, of the duty to make plaintiff in this suit, a defendant in the foreclosure suit, if an action for money only is lis pendens.

5. A foreclosure suit describing specific property is clearly lis pendens as to such property; and from the great weight of authority it is just as clear that an action for money only is an action in personem and not in rem; that it does not have reference to any specific property and is not lis pendens, and that the lien of a judgment recovered in an action for money only, pending proceedings for the foreclosure of a mortgage on the same land, is divested by a sale of the land under an order in which judgment was obtained, was commenced before the foreclosure suit and such judgment creditor was not made a party to such foreclosure suit.

6. Plaintiff therefore does not have an enforceable lien on the premises described in his petition, and said petition is dismissed and the premises in question discharged from any lien arising from the judgment of plaintiff.

Entry may be drawn accordingly.

(Washburn, PJ., and Pardee, J., concur).

Attorneys—Donald Gottwald for Stone; Underwood, Carson, Moore & Howes for Mortgage Co; all of Akron.